1
2
3
4                    **UNITED STATES DISTRICT COURT**
5                         **DISTRICT OF NEVADA**
6
7    EDUARD LOZOVSKYY, *et al.*,           )
                                           )
8              Plaintiffs,                 )    Case No.  2:12-cv-01646-PMP-CWH
                                           )
9    vs.                                   )    **ORDER**
                                           )
10   VASSILLI OXENUK, *et al.*,            )
                                           )
11             Defendants.                 )
     _____)
12
13        This matter is before the Court on Plaintiffs' Ex Parte Motion for Three Judgment Debtor
14   Examinations and to Produce Documents (#19), filed on December 12, 2012.

                                     **BACKGROUND**
15
16        On December 5, 2012, Plaintiffs' Motion for Default Judgment was granted.  *See* Order
17   #17.  A default judgment in the amount of $5,148,191.47 as well as post-judgment interest was
18   entered in favor of Plaintiffs.  In this motion, Plaintiffs request an order scheduling judgment debtor
19   examinations of judgment debtors Vassilli Oxenuk, Fedor Sergeyevich Sannikov, and Inna Oxenuk
     because no payment has been received and the judgment debtors have failed to appear before the
20   Court.  Additionally, Plaintiffs request that the undersigned Magistrate Judge conduct the judgment
21   debtor examinations.  Finally, Plaintiffs request that the Court order the production of documents in
22   advance of the examinations.
23
                                     **DISCUSSION**
24
25   **A.    Judgment Debtor Examinations**
26        Nevada Revised Statute (NRS) 21.270.1(b) provides that a judgment creditor, at any time
27   after the judgment is entered, is "entitled to an order from the judge of the court requiring the
28   judgment debtor to appear and answer upon oath or affirmation concerning his or her property."
     Such an examination may occur before the judge or master appointed by the judge or an attorney

representing the judgment creditor. *Id.* NRS 21.270 further provides that "[n]o judgment debtor may be required to appear outside the county in which he resides."

The Court agrees that the requested judgment debtor examinations are authorized under the aforementioned law. Additionally, Plaintiffs request that the examinations occur before the undersigned Magistrate Judge pursuant to Local Rule IB 1-9(k) because such supervision is necessary given the severity and scope of the judgment debtor's fraudulent conduct. The Court finds good cause for the three judgment debtor examinations and agrees to preside over such examinations.

**B.    Discovery**

Federal Rule of Civil Procedure 69 permits a judgment creditor to obtain post-judgment discovery pursuant to either the procedures set forth under the law of the state where the court is located or a federal statute. Fed. R. Civ. Pro. 69(a); *see also Alcalde v. NAC Real Estate Investments & Assignments, Inc.*, 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008) ("The judgment creditor may also propound discovery to the judgment debtor, including requests for production and/or inspection of documents."). The scope of post-judgment discovery is broad; the judgment-creditor is permitted to make a broad inquiry to discover any hidden or concealed assets of a judgment-debtor. *See 1st Technology, LLC v. Rational Enterprises, LTDA*, *et al.*, 2007 WL 5596692 *4 (D. Nev. Nov. 13, 2007) (citation omitted) (allowing post-judgment discovery to gain information relating to the existence or transfer of the judgment debtor's assets). Further, in aid obtaining information about a judgment debtor's assets "[w]itnesses may be required to appear and testify before the judge or master conducting any proceeding under this chapter in the same manner as upon the trial of an issue." *See* NRS 21.310.

The Court finds that there is good cause for the requested discovery because it is tailored to identify assets that can be used to satisfy the judgment in this case. Plaintiffs seek to discover any real estate, bank accounts, or personal property owned by the judgment debtors. Additionally, Plaintiffs' seek to determine whether the judgment creditors have fraudulently transferred any funds or assets in violation of NRS 112.180. The Court notes that discovery requests must conform to the Federal Rule or "the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).

1    Accordingly, Plaintiffs should propound the requests for production of documents in accordance

2    with Federal Rule of Civil Procedure 34 along with their request that the documents be produced at

3    least seven days prior to the examination.  The Court finds that it is not necessary at this time to

4    issue an order compelling Vassilli Oxenuk, Fedor Sergeyevich Sannikov , and Inna Oxenuk to

5    produce the requested discovery as they have not failed to comply with discovery requests.  As a

6    result, the Court will deny Plaintiffs' request with respect to the motion to produce documents,

7    without prejudice.

8              Based on the foregoing and good cause appearing therefore,

9              **IT IS HEREBY ORDERED** that Plaintiffs' Ex Parte Motion for Three Judgment Debtor

10   Examinations and to Produce Documents (#19) is **granted in part and denied in part without**

11   **prejudice**.

12             **IT IS FURTHER ORDERED** that Vassilli Oxenuk, Fedor Sergeyevich Sannikov , and

13   Inna Oxenuk shall appear before the undersigned Magistrate Judge in Courtroom 3B at the Lloyd

14   D. George United States Courthouse, 333 Las Boulevard South, Las Vegas Nevada at **9:30 a.m. on**

15   **Monday, January 28, 2013** to answer questions under oath regarding assets and for such other

16   proceedings as there may occur consistent with proceedings supplementary to execution.

17             **IT IS FURTHER ORDERED** that a copy of this order shall be personally served upon

18   Vassilli Oxenuk, Fedor Sergeyevich Sannikov, and Inna Oxenuk at least **fourteen (14)** calendar

19   days before the hearing scheduled herein.  Failure to appear may subject the judgment debtor to

20   punishment for contempt of court.

21             DATED this 18th day of December, 2012.

22

23   _____

24   **C.W. Hoffman, Jr.**
     **United States Magistrate Judge**

25

26

27

28

                                                3